IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES JOSHUA PETTY, <br><br> Defendant. | CR 20-24-BU-KLD <br><br> FINDINGS & RECOMMENDATION CONCERNING FORFEITURE |

The defendant, by consent, has appeared before me under Fed. R. Crim. P. 32.2, to determine whether $8,500 in U.S. currency should be forfeited. After conducting a hearing on May 14, 2021, pursuant to the requirements and standards of Fed. R. Crim. P. 32.2, I make the following findings:

1. On December 29, 2018, Charles Joshua Petty texted James Starcevich, requesting that Starcevich provide methamphetamine to a "loyal customer."

2. On January 5, 2019, Petty wired $1,000 from Butte, Montana, to Culiacan, Mexico, which is located in Sinaloa.

3. On January 12, 2019, at approximately 1:32 a.m., Petty texted his

1

"loyal customer," stating, "[m]ine comes in the morning.   I just picked up some so I could work."

4.   On January 13, 2019, Butte Pre-Release received information that Petty was dealing methamphetamine.   Pre-Release employees recovered methamphetamine, heroin, fentanyl pills, and $8,500 in U.S. currency in Petty's residence.

5.   When interviewed about the $8,500 in U.S. currency, Petty first denied any knowledge of the $8,500.   He then claimed the $8,500 belonged to his girlfriend, Mary Jane Galloway.   Petty never, however, claimed the money as his own.

6.   The claim that Petty received the $8,500 in U.S. currency from selling cars to others is not supported by the evidence.

The Court therefore recommends:

The Court enter a preliminary order of forfeiture.   The United States has established the requisite nexus between the $8,500 and the offense of conviction for Petty.   The United States satisfied that burden by a preponderance of evidence.   The Court should therefore forfeit Petty's interest in the $8,500 in accordance with 21 U.S.C. §§ 853 and 881(a)(7), (11).

The United States Marshal's Service, the Drug Enforcement Administration, or a designated sub-custodian, is directed to seize the property subject to forfeiture

and further to make a return as provided by law.

The United States must provide written notice to all third parties asserting a legal interest in any of the above-described property and will post on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, of the Court's preliminary order and the United States' intent to dispose of the property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. §§ 853 and 881(a)(7), (11) and 21 U.S.C. § 853(n)(1), and to make its return to this Court that such action has been completed.

Upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture.

Based on the foregoing,

IT IS RECOMMENDED that the United States' Motion for Preliminary Order of Forfeiture (Doc. 97) be GRANTED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or

objection is waived.

DATED this 18th day of May, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge