IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–24–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| HUMBERTO HORIOL MEDINA VILLARREAL, CHARLES JOSHUA PETTY, and SHAWN JAMES MILLER, | |
| Defendant. | |

On May 18, 2021 United States Magistrate Judge Kathleen L. DeSoto submitted her Findings and Recommendation Concerning Forfeiture. (Doc. 99.) Judge DeSoto recommends that this Court grant the United States' motion for a preliminary order of forfeiture (Doc. 97) and enter a preliminary order of forfeiture forfeiting Defendant Charles Joshua Petty's interest in $8,500 of U.S. currency. (Doc. 99 at 2–3.)

A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). In the absence of an objection, this Court reviews findings for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists when the Court is left with a

1

"definite and firm conviction that a mistake has been committed."  *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).  No objections have been received, and so the Court will review for clear error.

Reviewing for clear error, the Court finds none.  The Court agrees with Judge DeSoto that "the United States has established the requisite nexus between the $8500 and" Mr. Petty's offense of conviction.  (Doc. 99 at 2.)  Consequently, the entry of a preliminary order of forfeiture is proper.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 99) is ADOPTED in full.

IT IS FURTHER ORDERED that the United States' motion (Doc. 97) is GRANTED.

IT IS FURTHER ORDERED that Mr. Petty's interest in the $8,500 of U.S. currency at issue is forfeited, pursuant to 21 U.S.C. §§ 853 and 881(a)(7), (11).

IT IS FURTHER ORDERED that the United States Marshal's Service, the Drug Enforcement Administration, or a designated sub-custodian, is directed to seize the property subject to forfeiture and further to make a return as provided by law.

IT IS FURTHER ORDERED that the United States must provide written notice to all third parties asserting a legal interest in the $8,500 of U.S. currency at issue and shall post such notice on an official government interest site

2

(www.forfeiture.gov) for at least 30 consecutive days as required by Rule

G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Actions, of the Court's preliminary order and the United States'

intent to dispose of the property in such manner as the Attorney General may

direct, pursuant to 21 U.S.C. §§ 853 and 881(a)(7), (11) and 21 U.S.C. § 853(n)(1),

and to make its return to this Court that such action has been completed.

IT IS FURTHER ORDERED that upon adjudication of all third-party

interests, if any, the Court will enter a final order of forfeiture, and the foregoing

preliminary order of forfeiture is incorporated into any judgment issued against

Mr. Petty, pursuant to Rule 32.2(b)(4)(B) of the Federal Rules of Criminal

Procedure.

DATED this 8th day of June, 2021.

Dana L. Christensen, District Judge
United States District Court